**Arnold Jerome CALHOUN, Petitioner,**

v.

**Donald BORDENKIRCHER and Attorney General of WV, Respondent.**

**Civ. A. No. 80–0506–E(H).**

United States District Court,
N. D. West Virginia,
Elkins Division.

April 14, 1981.

Arnold Jerome Calhoun, pro se.

Chauncey H. Browning, Jr., Atty. Gen. of W. Va., Charleston, W. Va., for respondent.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

In the present action Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. The Respondent has submitted an answer and an amended answer with exhibits. Petitioner has also submitted a "Traverse to the Return." The Court upon reviewing the submitted materials concludes no evidentiary hearing is necessary, and disposition of the case is possible in its present posture. *Rule* 8(a), 28 U.S.C. § 2254.

The relevant history of the present action involves several convictions of the Petitioner for sexual offenses pursuant to *W.Va. Code*, § 61–8B–1 et seq. (1977 Replacement Vol.). Petitioner was convicted of first degree sexual abuse in the Circuit Court of Fayette County and was sentenced by that Court on March 13, 1978, to an indetermi-

nate term of not less than one (1) nor more than five (5) years. (Respondents' Exhibit A) Petitioner was later tried in the Circuit Court of Kanawha County and found guilty of first degree sexual assault and was sentenced to an indeterminate term of not less than ten (10) nor more than twenty (20) years with the sentence running consecutively to the sentence imposed by the Fayette County Court. Finally, Petitioner pleaded guilty to second degree sexual assault and, after his conviction, was sentenced to an indeterminate five (5) to ten (10) year sentence to run concurrently with the previous two sentences. It is this last conviction and the sentence imposed upon that conviction which is contested in the present action.

The basis of the present petition may be fairly and simply summarized. Petitioner claims he was coerced into pleading guilty by a "prospective unconstitutional statutory limitation on Sixth Amendment rights in the event [he] had chosen to proceed to trial." (Exhibit to Petitioner's petition). For reasons which follow, it is unnecessary to elaborate further.

■ The actual issue which is presented here involves the concurrent sentence doctrine. Where there is a valid underlying sentence, it is unnecessary for a court to consider an attack on an equal or shorter concurrent sentence. *Benton v. Maryland*, 395 U.S. 784, 789, 89 S.Ct. 2056, 2059, 23 L.Ed.2d 707 (1968); *United States v. Gainey*, 380 U.S. 63, 65, 85 S.Ct. 754, 756, 13 L.Ed.2d 658 (1965); *Barenblatt v. United States*, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959); *Roviaro v. United States*, 353 U.S. 53, 59 nt. 6, 77 S.Ct. 623, 627 nt. 6, 1 L.Ed.2d 639 (1957); *Hirabayashi v. United States*, 320 U.S. 81, 105, 63 S.Ct. 1375, 1387, 87 L.Ed. 1774 (1943).

In *Benton* the Court reviewed the concurrent sentence doctrine relative to the "live case or controversy" requirement. It is essential that, in addition to satisfying the statutory "in custody" requirement under 28 U.S.C. §§ 2241(c)(3) and 2254(a), the habeas Petitioner must present a "live case or controversy" pursuant to Article III of the United States Constitution. *Benton, supra*, at 788, 89 S.Ct. at 2059. Although the Court in *Benton* was critical of some applications of the concurrent sentence doctrine, it held that the doctrine was not a jurisdictional bar to consideration of challenges to multiple convictions with concurrent sentences and recognized that the doctrine "may have some continuing validity as a rule of judicial convenience." *Id.* at 791, 89 S.Ct. at 2060. The Court also recognized that in many instances the collateral consequences of a conviction punished by the imposition of a concurrent sentence were sufficient to create a justiciable case or controversy.

■ In the present case there is no increased danger of the application of a recidivist statute. Indeed, it is evident from Respondents' exhibits that a major inducement for Petitioner to plead guilty was the prosecution's promise not to apply the recidivist statute to the conviction now challenged. Also, the Petitioner does not suffer any adverse collateral consequences (such as inability to engage in certain businesses, to serve as a juror, or to vote) from the conviction under attack here different from the previous two valid convictions which Petitioner has not chosen to attack.

The Petitioner has shown no effect on his "in custody" status based on the concurrent sentence under attack and this Court finds none. This Court will not address the merits of a claim which has solely a theoretical impact.

Accordingly, because the assailed conviction and sentence imposed pursuant thereto would have no bearing on Petitioner's "in custody" status or adverse collateral consequences if successfully attacked, the Court applies the concurrent sentence doctrine and declines to rule upon the substantive claim of the petition. Therefore, the Petitioner's action is ORDERED dismissed from the docket of this Court.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to the Petitioner and to counsel of record.